**Federico Padasdao LACISTE;
Emiliana Evangelista
Laciste, Petitioners,**

v.

**IMMIGRATION & NATURALIZATION
SERVICE, Respondent.**

No. 00–71236.

I & NS Nos. A28–322–144, A28–322–145.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 14, 2002.

Decided July 3, 2002.

Before LAY,* THOMPSON and TALLMAN, Circuit Judges.

---

* The Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit,

MEMORANDUM**

Federico Padasdao Laciste, 71, and his wife Emiliana Evangelista Laciste, 68, are elderly natives and citizens of the Philippines. They entered the United States in August of 1987 with authorization to remain temporarily. They were granted several extensions on their stay until September 6, 1993. They remained in the United States past that date, however, and the Immigration and Naturalization Service (INS) issued Orders to Show Cause (OSCs) informing petitioners that they had overstayed and of their need to report to deportation proceedings. They were granted an initial continuance in order to obtain counsel. At their February 1994 hearing, the petitioners indicated they wished to apply for suspension of deportation, asylum, and withholding of deportation. The hearing was continued until August 24, 1994.

Petitioners filed applications for suspension of deportation in April 1994 and moved to continue the August 24, 1994, hearing for two weeks. Petitioners argued they would not meet the seven-year residency requirement to be eligible for suspension of deportation until August 31, 1994. They also indicated they were waiting for information from the FBI that might support a claim of political asylum. The INS opposed the motion for a continuance arguing the immigration court would not be present in Honolulu at the time requested. The INS also asserted the petitioners failed to make out a prima facie case of eligibility for suspension of deportation because they failed to show extreme hardship. The Immigration Judge (IJ) denied the motion to continue in May 1994. The judge noted petitioners could file a motion to reopen proceedings if new evidence became available supporting the claim of suspension of deportation or a possible claim of asylum and withholding of deportation.

Petitioners filed an asylum petition in June 1994 claiming that due to Mr. Laciste's work with the FBI, he feared for his safety and the safety of his wife if they were to return to the Philippines. At the August 1994 deportation hearing, petitioners renewed their motion to continue the proceedings asserting that they had resubmitted Freedom of Information Act (FOIA) requests to the FBI on July 22 and had not yet received a response. The IJ again denied the motion for a continuance since there was no indication the FBI would respond and because they could file a motion to reopen if previously unavailable material evidence was obtained. The IJ denied the application for suspension of deportation on the ground that petitioners had not obtained the requisite seven years of continuous presence in the United States. He denied their asylum claim because they failed to show a well-founded fear of persecution based on any of the reasons protected by the asylum statute. *See* Immigration and Naturalization Act (INA) § 101(a)(42)(A), 8 U.S.C. § 1101(a)(42)(A). The IJ granted petitioners voluntary departure.

On appeal, the Board of Immigration Appeals (BIA) affirmed and adopted the IJ's decision. The BIA held that due to the changes in the law petitioners would not be able to claim suspension of deportation even with the continuance because, for the purpose of determining eligibility, the time they were in the United States stopped accruing when their OSCs were issued in September 1993.

The decision to deny a continuance lies within the sound discretion of the IJ and is

---

sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

reviewed under an abuse of discretion standard. *See Barapind v. Reno,* 225 F.3d 1100, 1113 (9th Cir.2000). The BIA adopted the IJ's decision so this court reviews that decision in addition to any observations of the BIA. *See Chand v. INS,* 222 F.3d 1066, 1072 n. 7 (9th Cir. 2000).

On appeal, petitioners challenge the BIA's conclusion as to their eligibility for suspension of deportation. They argue that when they applied for suspension of deportation that relief was governed by INA § 244(a), 8 U.S.C. § 1254(a). Under that provision, time accruing while the case is on appeal counts toward the seven-year continuous presence requirement. *See Sida v. INS,* 764 F.2d 1319, 1320–21 (9th Cir.1985). When Congress enacted the Illegal Immigration and Reform and Immigrant Responsibility Act of 1996 (IIRIRA), it "introduced into the law a provision that closes, or 'stops,' the period of continuous physical presence upon the issuance of a charging document." *In re Nolasco–Tofino,* Int. Dec. 3385, 1999 WL 261565, at *2 (BIA 1999); *see* INA § 240A(d)(1), 8 U.S.C. § 1229b(d).

■ This court need not decide whether the stop-time provision applies in the present case. The general rules of retroactivity are set forth in *Bradley v. Sch. Bd.,* 416 U.S. 696, 711, 94 S.Ct. 2006, 40 L.Ed.2d 476 (1974), which holds that "a court is to apply the law and effect at the time it renders its decision." Even if we were to assume, however, that the stop-time provision did not apply in this case, it would not make a difference here. Our only duty is to determine whether the IJ's refusal to grant a continuance was an abuse of discretion. In the present case, the petitioners requested the continuance for the purpose of delay hoping to meet the basic eligibility requirements for suspension of deportation so they could attempt to prove

more substantive elements. They have not shown that they would have qualified for suspension of deportation if they were given the opportunity; they have asserted no claim of extreme hardship. Thus, petitioners have shown no prejudice resulting from the denial of the motion for a continuance and they cannot prevail in this appeal. *See Perez–Lastor v. INS,* 208 F.3d 773, 777 (9th Cir.2000) (holding a showing of prejudice is required to challenge deportation proceedings).

■ The other ground on which petitioners sought a continuance related to Mr. Laciste's asylum claim. Petitioners asserted that once the requested material was received from the FBI they could prepare an application for political asylum. The IJ had no reason to believe the response would be forthcoming within the two-week period that the continuance sought. In denying the motion for a continuance, the IJ made clear his willingness to seriously entertain a motion to reopen the case if any previously unknown information were to come to light as a result of FOIA requests to the FBI. Petitioners have never produced any additional evidence probative of their asylum claim or filed a petition to reopen on the basis of newly discovered evidence. Under the circumstances, it is difficult to see how the petitioners would have benefitted if the IJ had granted the two-week extension.

Under the circumstances, we do not find any evidence of an abuse of discretion. The denial of the continuance was not arbitrary or unreasonable. *See United States v. Flynt,* 756 F.2d 1352, 1358 (9th Cir. 1985). On the basis of the above findings, this court denies the petition for review and affirms the decision of the BIA.

AFFIRMED.